# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROTECT OUR DEFENDERS, ET AL., | : | |
| *Plaintiffs*, | : | Case No.  3:22-CV-1390 (VAB) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF DEFENSE, ET AL., | : | January 13, 2023 |
| *Defendants*. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, United States Department of Defense ("DoD") and Department of Justice ("DOJ") (collectively, "Defendants"), answer Plaintiffs Protect our Defenders and Connecticut Veterans Legal Center ("CVLC") (collectively, "Plaintiffs") complaint (the "Compl."), ECF 1, seeking agency records:

## COMPLAINT

1. Defendants admit that Plaintiffs sent FOIA requests to Defendants in May 2022 and respectfully refers the Court to the requests for a complete and accurate statement of its contents.  The remainder of Paragraph 1 contains legal conclusions to which no response is required.

2-5. The Paragraphs numbered 2 through 5 contain Plaintiffs' characterizations of this lawsuit and conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

6-7. Paragraphs 6 and 7 set forth Plaintiffs' assertions of jurisdiction and venue, and thus consist solely of legal conclusions to which no response is required.[1]

---

[1] Defendants contend that this case should be transferred to the Eastern District of Virginia, as set forth fully in Defendants' motion to transfer venue, filed simultaneous with this answer and affirmative defenses.

## PARTIES

8-9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 8 and 9 and, as such, leaves Plaintiffs to their proof.

10.    Admit the DOJ is a federal agency with components that include, *inter alia*, Offices of the United States Attorneys.  The remainder of paragraph 10 sets forth legal conclusions to which no response is required.

11.    Admit the DoD is a federal agency with components that include, *inter alia*, the United States Air Force, Army, Marine Corps, and Navy.  The remainder of paragraph 11 sets forth legal conclusions to which no response is required.

## STATEMENT OF FACTS

12-43.  The paragraphs numbered 12 through 43 of the Complaint contain Plaintiffs' characterization of this lawsuit and conclusions of law, and do not aver facts in support of a claim for which an answer is required.

### Plaintiffs' FOIA Requests

44-47.  Defendants admit the allegations contained in paragraphs 44 to 47 only to the extent supported by the referenced documents which is the best evidence of its contents.

### Department of Justice Request

48.    Defendant DOJ admits that Exhibit F to the Complaint is a true and correct copy of a letter sent to the Executive Office for United States Attorneys (EOUSA), only to the extent supported by the referenced documents which is the best evidence of its contents.  Stating further, EOUSA is the component within the DOJ which

2

by law receives and responds to FOIA requests for documents in its own custody or the custody of any of the 93 United States Attorney's Offices nationwide.

49.     Defendant DOJ admits the allegations contained in paragraph 49 only to the extent supported by the referenced document, Exhibit F, which is the best evidence of its contents.

50.     Paragraph 50 of the Complaint contains only conclusions of law, to which no response is required.

51.     Admit only Defendant DOJ has not yet issued a final response to Plaintiffs' FOIA request or released any records in response thereto.  Defendant DOJ denies the remaining allegations in paragraph 51.

## U.S. Navy Request

52.     Admit.  Stating further, the FOIA request was received by the Secretary of the Navy/Chief of Naval Operations FOIA Office (DNS-36).

53.     Paragraph 53 of the Complaint contains only conclusions of law, to which no response is required.

54.     Defendant DoD admits only that it has not yet issued a final response to Plaintiffs' FOIA request or released any records in response thereto.  Defendant DoD denies the remaining allegations in paragraph 54.

## U.S. Army Request

55.     Defendant DoD admits only that Plaintiffs' FOIA request was received by the Fort Belvoir FOIA office on May 9, 2022.  Defendant denies the remaining allegations in paragraph 55.

56.     Paragraph 56 states a legal conclusion to which no response is required.

57.     Admit Defendant DoD has not yet issued a final response to Plaintiffs' FOIA request or released any records in response thereto.  Defendant DoD denies the remaining allegations in paragraph 57.

## U.S. Air Force Request

58.     Admit.

59.     This paragraph consists of legal conclusions, to which no response is required.

60.     Deny.  Stating further, the Air Force produced documents on or about December 15, 2022.

## U.S. Marine Corps Request

61.     Admit.

62.     Defendant DoD admits only that the Marines responded to Plaintiffs with a production of records on October 5, 2022 in response to FOIA request DON-USMC-2022-008281.  Stating further the Marines provided a final determination letter on October 5, 2022 with the production.  Plaintiffs appealed the Marine's determination and production on December 9, 2022, which was received by the Department of the Navy FOIA Appeals appellate authority on December 27, 2022.  The appeal is currently being processed.  The remainder of Paragraph 62 contains legal conclusions to which no response is required.

***

63.     Paragraph 63 contain Plaintiffs' characterization of this lawsuit and conclusions of law, and do not aver facts in support of a claim for which an answer is required.

## CLAIMS FOR RELIEF

64-69.   The paragraphs numbered 64 through 69 of the Complaint contain conclusions of law, to which no response is required.

## REQUESTED RELIEF

The "wherefore" paragraphs numbered 1 through 6 of the Complaint, below the header "Requested Relief," contain a prayer for relief to which no response is required.

***

Defendants hereby deny each and every allegation in the Complaint not expressly admitted or qualified above and deny that Plaintiffs are entitled to the relief requested or to any other relief.

## DEFENSES

Defendants reserves its right to amend, alter and supplement the defense contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

### FIRST AFFIRMATIVE DEFENSE

The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions or exclusions. Compelling disclosure of such information is not required or permitted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' FOIA requests are vague, overbroad, and fail to reasonably describe the records sought with sufficient particularity as required by FOIA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' FOIA requests seek records that would be unreasonably and unduly burdensome for Defendants to process.

5

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

Defendants assert that they have, or may have, additional affirmative defenses that are not known at this time, but which may be ascertained during litigation. Defendants specifically preserve these and other affirmative defenses as they are ascertained during litigation, including those required by Federal Rules of Civil Procedure 8 and 12

* * *

WHEREFORE, Defendants respectfully request this Court to enter judgment in its favor and award Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____/s/_____

J. Brian Meskill (ct29611)
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Brian.Meskill@usdoj.gov