UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTECT OUR DEFENDERS, ET AL., : | |
| *Plaintiffs*, : | Case No. 3:22-cv-1390 (VAB) |
| : | |
| v. : | |
| : | |
| DEPARTMENT OF DEFENSE, ET AL., : | January 13, 2023 |
| *Defendants*. : | |

**MEMORANDUM IN SUPPORT OF MOTION TO
TRANSFER VENUE TO THE EASTERN DISTRICT OF VIRGINIA**

Pursuant to 28 U.S.C. § 1404(a), Defendants Department of Defense ("DoD") and the United States Department of Justice ("DOJ") respectfully move to transfer venue in this case to the United States District Court for the Eastern District of Virginia (the "Eastern District of Virginia").

This is a Freedom of Information Act ("FOIA") case, brought under 5 U.S.C. § 552, in which Plaintiffs seek documents relating to the criminal prosecution of military servicemembers for, among other things, sexual assault. Plaintiffs believe the information requested will show that the "rates of serious offenses -- especially sexual violence" -- are high in the military justice system. Complaint, ECF 1 ("Compl."), ¶ 2. Plaintiffs seek these documents from various United States Attorney's Offices and military bases located in California, New York, Virginia, and Texas. The main organizational plaintiff in this case is Protect Our Defenders, a Virginia-based non-profit whose mission concerns ending sexual violence in the military.

The only connection this case has to Connecticut is (1) the presence of plaintiff Connecticut Veterans Legal Center ("CVLC"), a Connecticut-based nonprofit whose mission generally concerns helping veterans who are recovering from homelessness and

mental illness to overcome legal barriers in housing, healthcare, and income; and (2) that counsel for Plaintiffs – supervising attorneys and student interns with Yale Law School's Jerome N. Frank Legal Services Organization's Veterans Legal Services Clinic – are located in Connecticut.

Plaintiffs' FOIA claims concern documents located in other states that have no relationship to Connecticut. The government asks the Court to transfer this matter to the Eastern District of Virginia, which is a more appropriate venue because Plaintiffs' requests are largely aimed at Virginia, many of the documents at issue are located in Virginia, and the primary plaintiff in this matter, Protect Our Defenders, is based in Virginia.

## BACKGROUND

Plaintiffs request documents and data from several United States Attorney's Offices ("USAOs") and military bases located in California, New York, Virginia, and Texas. *Id.* at ¶ 1. Specifically, Plaintiffs request documents from:

- The USAO for the Eastern District of Virginia
- Naval Station Norfolk, VA
- Fort Eustis, VA
- Fort Lee, VA
- Joint Base Langley-Eustis, VA
- Marine Corps Base Quantico, VA
- The USAO for the Southern District of California
- San Diego, CA
- Naval Air Station North Island, CA
- Marine Corps Air Station Miramar, CA
- Marine Corps Air Station Pendleton, CA
- The USAO for the Western District of New York
- The USAO for the Eastern District of New York
- Fort Drum, NY
- Fort Hamilton, NY
- The USAO for the Western District of Texas
- Fort Hood, TX

*See* Compl., Exs. A-E.

For each above-mentioned USAO, Plaintiffs principally request memoranda of understanding (MOUs) with military prosecutors and/or local officials. *See*, Compl., Ex. A. Plaintiffs also request information to show individual servicemembers prosecuted by the USAOs, including certain demographic data, the charged crime, and final disposition. *Id.*

For each DoD component installation, Plaintiffs principally request MOUs between military prosecutors and local and/or federal officials. *See* Compl., Exs. B-E. Plaintiffs also request: 1) information showing individual servicemembers prosecuted by local and/or federal officials, including certain demographic data, the charged crime, and final disposition, and 2) information showing demographic data of individuals charged by the abovementioned DoD component installations with certain offenses, such as sexual assault and manslaughter, and the final disposition for each charged individual.

Plaintiff Protect Our Defenders is a national nonprofit organization whose mission is to end sexual violence, victim retaliation, misogyny, sexual prejudice, and racism in the military. Compl., ¶ 8. Protect our Defenders is located in Alexandria, Virginia.[1]

Plaintiff CVLC is a Connecticut-based medical legal partnership, Compl., ¶ 9, whose mission "is to help veterans recovering from homelessness and mental illness overcome legal barriers to housing, healthcare and income."[2]

---

[1] *See* https://www.protectourdefenders.com/wp-content/uploads/2022/02/PODF_2020_FORM_990.pdf (last visited January 13, 2023).

[2] *See* https://ctveteranslegal.org/ (last visited January 13, 2023).

The Yale Jerome N. Frank Legal Services Clinic provides legal representation to individuals and organizations in need of legal services but unable to afford private attorneys.

## STANDARD OF REVIEW

Whether to grant a motion to transfer venue is within the Court's discretion.  *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 112 (2d Cir. 2010) (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006)).  Relevant factors to be weighed include: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'"  *Gottdiener*, 462 F.3d at 106-07 (quoting *Albert Fadem Trust v. Duke Energy Corp*., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).

## ARGUMENT

The Eastern District of Virginia is the most appropriate venue for this action for several reasons.

First, this matter has a genuine relationship with Virginia.  Most of the operative facts underlying this claim occurred in the Eastern District of Virginia, the location where most of the FOIA requests were processed, including by the above-mentioned Service branches, and the plurality of DOJ subcomponents and DoD installations.  "The locus of operative facts is a primary factor in determining whether to transfer venue." *Allstate Prop. & Cas. Ins. Co. v. Titeflex Corp*., No. 3:14-cv-945 (MPS), 2015 WL 1825918, at *4 (D. Conn. Apr. 22, 2015) (internal quotation marks and citation omitted).  Further, seemingly none of the requested documents are in Connecticut; of the locations of the

4

documents requested, the plurality concern DoD and DOJ components in the Eastern District of Virginia. Indeed, the location of the documents at issue "merits attention" given how Congress worded 5 U.S.C. § 552 (a)(4)(B) even if not a "particularly salient factor." *Mobil Corp. v. S.E.C.*, 550 F. Supp. 67, 70 (S.D.N.Y. 1982). As to witnesses, FOIA is generally resolved through summary judgment when an Agency's submissions are adequate on their face. *Garcia v. Dep't of Justice*, 181 F. Supp. 2d 356, 366 (S.D.N.Y. 2002). However, if witnesses were required, there is no reason to believe that any witness would be from Connecticut, as no facts of the case arose here. More likely, any witness would be in Virginia or neighboring Washington, D.C.

Second, there is no logical connection to the District of Connecticut. No documents are located in Connecticut, whereas many of the documents are in the Eastern District of Virginia and Plaintiff Protect Our Defenders is located in the Eastern District of Virginia. The interest of Protect Our Defenders in the information requested pursuant to FOIA is clear, while CVLC's interest appears tenuous at best. Basing venue on CVLC's presence in Connecticut, when its stated mission is unrelated to the FOIA requests, would permit a plaintiff to create venue nearly anywhere in the country because there are veterans' rights organizations throughout the country. If the presence of CVLC was dispositive, Protect Our Defenders could have added any organization anywhere in the country to create venue, despite that district having no relationship to the underlying action, which is the case here. If the request and action were filed only by plaintiff Protect Our Defenders, Connecticut would not be available as a venue.

Third, other factors are not of great significance.[3] While Connecticut is Plaintiffs' chosen forum, the main organizational plaintiff in this matter, Protect Our Defenders, is based in Virginia, so that forum should not be considered inconvenient nor a transfer prejudicial. Though a plaintiff's chosen forum is normally given deference, a plaintiff's choice may be entitled to less deference where the only connection between the action and the forum state is that "*the* plaintiff resides [there]." *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C*., 294 F. Supp. 2d 218, 220 (D. Conn. 2003) (emphasis added). Here, the only connection to Connecticut is that *one* plaintiff resides here, and "[c]onvenience of counsel is immaterial, and it is not a factor that is considered by the Court when deciding a transfer of venue motion." *Sheree Cosms., LLC v. Kylie Cosms., LLC*., No. 18-cv-9673 (VEC), 2019 WL 3252752, at *3 (S.D.N.Y. July 19, 2019).

Moreover, this is not a case where CVLC personnel would be expected to be deposed or attend trial; therefore, changing the venue to the Eastern District of Virginia imposes no hardship on CVLC. Nor would CVLC personnel be expected to have a superior interest in these proceedings as compared to Protect Our Defenders, given the organizations' respective mission statements. Given a change of venue would impose no hardship to CVLC and that CVLC's presence in Connecticut is the *only* reason for venue here, Plaintiff's choice should be provided no deference. Finally, as set forth above, the locus of the documents and witnesses are elsewhere.

---

[3] Regarding compelling witnesses, as discussed above, no or few witnesses will be necessary in this case, and any witness would likely be a federal employee in the Eastern District of Virginia or in Washington, D.C. As to relative means, there is no reason to believe Protect Our Defenders could not rely on counsel in the Eastern District of Virginia.

6

## **CONCLUSION**

Venue would be proper in the Eastern District of Virginia and the case might have been brought there under 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391(b) and (e), as Plaintiff Protect our Defenders is located in the Eastern District of Virginia, and many of the documents are located in the Eastern District of Virginia.

Based on the foregoing analysis, there is little prejudice, if any, to Plaintiffs and any that exists is outweighed by the positive effects of a transfer, given the relative location of the documents and (potential) witnesses. As such, the Court should transfer venue in this case to the Eastern District of Virginia.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____/s/_____
J. Brian Meskill (ct29611)
Assistant United States Attorney
157 Church Street
New Haven, CT 06510
Telephone: (203) 821-3700
Fax: (203) 773-5373
Email: Brian.Meskill@usdoj.gov