# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTECT OUR DEFENDERS and CONNECTICUT VETERANS LEGAL CENTER, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF JUSTICE <br><br> *Defendants*. | Civil Action No. 3:22-cv-1390 (VAB) <br><br><br><br> February 3, 2023 |

## **MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER VENUE**

Plaintiffs Connecticut Veterans Legal Center (CVLC) and Protect Our Defenders (POD) mailed and electronically submitted Freedom of Information Act (FOIA) requests from Connecticut, seeking servicemember prosecution data. When the Department of Defense and Department of Justice failed to timely produce responsive records, CVLC, a Connecticut 501(c)(3) not-for-profit organization and POD filed this action. Plaintiffs filed suit in this Court pursuant to Congress's determination that venue in FOIA actions is proper "in the district in which the complainant resides." 5 U.S.C. § 552(a)(4)(B). Rather than produce responsive records, Defendants move to transfer venue. In addition to causing needless delay, Defendants disregard CVLC's national reputation as a source of knowledge and driver of policy reform for both veterans and servicemembers, and ask this Court to apply a venue test without basis in law.

Defendants argue, without citation, that for a plaintiff's choice of venue to be appropriate in a FOIA suit, the subject of the FOIA requests must obviously align with the organization's "stated mission" as interpreted by the Department of Justice's counsel. *See* Memorandum in

Support of Motion to Transfer Venue to the Eastern District of Virginia ("Def's Memo"), ECF No. 24-1, at 5. This is incorrect as a matter of law. FOIA requires no particular affinity between a requestor and the requested records. Courts defer to plaintiffs' choice of venue where defendants are unable to show by clear and convincing evidence that the balance of conveniences and interest of justice favor the alternative forum. In this FOIA case in which discovery is unlikely and records sought are anticipated to be electronically available, the balance favors Plaintiffs' chosen forum. Even if Defendants' proffered test were viable, contrary to their assertion, CVLC's prosecution of the FOIA requests at issue in this suit aligns not only with CVLC's mission, but with the purpose of FOIA on the whole.

## BACKGROUND

Connecticut Veterans Legal Center provides free representation to veterans recovering from homelessness and mental illness to help stabilize their lives, and advocates for related national policy reform. Exhibit A, Declaration of Alden Pinkham ("Decl.") at ¶¶ 3, 9. CVLC is a leading authority on representing former servicemembers separated from the military with less-than-Honorable discharges in discharge upgrade proceedings. *Id.* at ¶ 4. These discharges are typically the result of military justice offenses and occasionally civilian criminal offenses, and block access to veterans' benefits. *Id.* at ¶ 7. CVLC also represents and advocates for veteran survivors of sexual assault and other crimes committed by fellow servicemembers. *Id.* at ¶¶ 5, 7

CVLC has a fundamental interest in advocating for active duty policy reforms because servicemembers who have been failed by the military justice system become veterans who have been failed by the military justice system–veterans who appear as clients at CVLC, looking for help. The records at issue in this suit will reveal disparities, if any, between military and civilian prosecution of certain servicemember offenses. Compl. at ¶ 4. CVLC has a vested interest in

2

understanding how the military justice system handles sexual assault offenses, Decl. at ¶¶ 5–6, and in better understanding when a less-than-Honorably discharged servicemember's punishment may have been disproportionate. *Id.* at ¶ 8. The American public has the right to records showing any such disparities as well.

Plaintiffs jointly submitted FOIA requests for servicemember prosecution records to various U.S. Attorneys' Offices, the Department of the Army, Department of the Navy, and Department of the Air Force. Plaintiffs requested memoranda of understanding between military and civilian prosecution authorities, and data on servicemember prosecutions on and around a geographically diverse sample of military bases in California, New York, Virginia, and Texas. Plaintiffs filed a complaint on November 3, 2022 because, with the exception of the Marine Corps, Defendants ignored Plaintiffs' requests in violation of the law.[1] The Government answered on January 13, 2023, and filed its motion to transfer venue, apparently alleging that CVLC is only a plaintiff for venue-shopping purposes.

Both CVLC and POD are stakeholders in and advocates for military justice reform in the United States. The information sought in these FOIA requests echoes work each organization pursues independently and collaboratively. For example, in 2022, CVLC partnered with the Veterans Inclusion Project to issue a report titled "Discretionary Injustice," drawing on FOIA data obtained from the military service branches to reveal stark racial disparities and systemic inequality in the military's administrative separation process. *Id*. at ¶¶ 10–11. Another CVLC report produced using records received in FOIA litigation directly resulted in Congressional action. *Id*. ¶¶ 17–19.

---

[1] Defendants state that the Air Force responded to Plaintiffs' requests on December 15, 2022. Answer at ¶ 60, ECF No. 23. Plaintiffs and their counsel reviewed their physical and electronic mail systems, and the Air Force's online FOIA tracking platform, which turned up no records of production or response, substantive or otherwise.

Collaboratively, CVLC and POD litigated a FOIA suit against the Air Force in 2020 to force the release of its study and assessment regarding racial disparities in its justice system. *Id*. at ¶¶ 12–13. Data obtained resulted in a 2020 report exposing the Air Force's attempts to cover up its knowledge of these disparities. *Id.* POD used the report to drive legislative military justice reform, while CVLC employed the same data in its direct-service work to better aid Air Force veteran clients in discharge upgrade applications. *Id.* at ¶ 14. CVLC and POD have partnered in other forms of advocacy as well, including co-authoring amicus briefs. *See, e.g.,* Brief for Connecticut Veterans Legal Ctr. et al. as Amici Curiae Supporting Plaintiff-Appellant, *Sissel v. Wormuth*, No. 22-5045 (D.C. Cir.) (filed Feb. 17, 2022).

While POD primarily advocates for servicemembers and CVLC primarily advocates for veterans, both have a vested interest in military justice reforms. To that end, POD and CVLC have been repeat partners in military justice reform efforts for multiple years, including in filing the FOIA requests at issue in this case, to which Defendants have unlawfully failed to respond.

## **STANDARD OF REVIEW**

Defendants must meet a high bar to justify transfer out of the District of Connecticut under 28 U.S.C. § 1404(a); a plaintiff's choice of venue is afforded considerable deference. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) (recognizing that the plaintiff's choice of forum is "a decision that is given great weight"). Indeed, "discretionary transfers are not favored," and movants will not succeed "[a]bsent a clear and convincing showing that the balance of convenience strongly favors the alternate forum." *Xiu Feng Li v. Hock*, 371 Fed. Appx. 171, 175 (2d Cir. 2010) (internal quotation marks omitted) (summary order).

To meet this high standard, movants must satisfy a two-part test. In addition to showing that the action could have been brought in the transferee court in the first instance, the movant

must satisfy a balancing test weighing the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Gottdiener*, 462 F.3d at 106–107.

## ARGUMENT

The Freedom of Information Act was intended to give any member of the public an equal right to disclosure of a particular document as one who may have a special interest. Because "Congress clearly intended the FOIA to give any member of the public as much right to disclosure as one with a special interest [in a particular document] . . . the identity of the requesting party has no bearing on the merits of [the] FOIA request." *Dep't of Def.v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 496 (1994) (internal quotation marks omitted). Omitting deference owed to Plaintiffs' choice of forum, the balance of convenience still favors Plaintiffs' selection of the District in which one Plaintiff resides, their *pro bono* chosen counsel can practice, and from which the FOIA requests at issue were submitted. The requested records at issue in this case are likely electronic, and additional discovery requiring witnesses from the Eastern District of Virginia or anywhere else should be unnecessary.

Moreover, contrary to Defendants' contention, the locus of operative facts underlying the claims in this case is not in the Eastern District of Virginia. Military justice reform is definitionally a national-level issue, and politically a matter of national concern in which both POD and CVLC are actively engaged. Defendants have not met and cannot meet the "clear and convincing showing" standard for removal to Eastern District of Virginia. Instead, Defendant invents an alternative standard tied to its interpretation of Plaintiff CVLC's mission. Yet CVLC,

just like POD, have requested the records at issue in this suit to better assist and advocate for their veteran and servicemember clients.

I. **Plaintiffs' choice weighs strongly in favor of retaining venue in Connecticut.**

Defendants fail to make a clear and convincing showing that Plaintiffs' choice of forum should be disregarded. This Court has explained that plaintiffs' choice of venue is "entitled considerable weight—particularly when the plaintiff is a resident of the forum district—and should not be disturbed unless the balance of several factors is strongly in favor of defendant." *Caldaroni v. Noble 3411 Inc.,* No. 17-CV-143 (VAB), 2017 WL 7279371, at *4 (D. Conn. May 22, 2017) (internal quotations omitted). CVLC is a resident of the forum district, which is itself sufficient for venue under both 28 U.S.C. § 1391(e)(1) and the Freedom of Information Act, 5 U.S.C. § 552 (a)(4)(B). Indeed, the Second Circuit has held that "the plaintiff's residence in relation to the forum" is a "legitimate reason" for selection of forum, and so "plaintiff's choice of her home forum should be given great deference," *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73 (2d Cir. 2001).

CVLC and POD are co-plaintiffs with equally weighted interests in this case. *Cf.* Defs' Memo. at 6. Plaintiffs have chosen Connecticut as a venue because CVLC is located in and serves veteran clients here, and both organizations maintain ties to the state. CVLC and POD have litigated together for over seven years and have worked on military justice reform issues which deeply affect veterans who are residents of this state, who very well may have been stationed in California, Virginia, Texas, or New York while in service.

Connecticut is therefore an appropriate choice of venue for POD as well, despite that its location is in Virginia. The Second Circuit has explained, "[i]t is not a correct understanding of the rule to accord deference [to the plaintiff's choice of forum] only when the suit is brought in

the plaintiff's home district." *Iragorri,* 274 F.3d at 73. In fact, where venue and jurisdiction requirements are satisfied, "plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). In this present instance, both venue and jurisdiction requirements are met in the District of Connecticut for POD, along with CVLC. Therefore, Plaintiff POD's decision to litigate in its preferred forum should be respected as well.

The Second Circuit has specifically held that the "availability of appropriate legal assistance" and "other reasons relating to convenience or expense" are also "legitimate reasons" for a plaintiff's choice of forum. *Iragorri,* 274 F.3d at 72. POD and CVLC are both nonprofit organizations. The undersigned counsel, who are admitted to the bar of the District of Connecticut and not to the Eastern District of Virginia, offer their services at no cost to Plaintiffs, and have significant experience litigating FOIA suits against the federal government.[2] That CVLC and POD have chosen experienced *pro bono* counsel in the same state where one Plaintiff resides speaks to regular interests of convenience that any plaintiff is entitled weight, and does not discredit their other articulated reasons for filing suit in this forum. *See GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc.*, No. 13 CIV. 1395 PKC, 2013 WL 2244315, at *3 (S.D.N.Y. May 21, 2013) (finding that plaintiff's articulated reasons for deeming the selected forum most convenient, which included the location of its counsel, appeared "legitimate, not tactical," and were therefore "entitled some weight").

---

[2] Plaintiffs' counsel Wishnie's experience bringing FOIA litigation against Defendants and other government agencies includes: *Vietnam Veterans of Am. v. Dep't of Def.*, 453 F. Supp. 3d 508 (D. Conn. 2020); *Protect Our Defs. v. Dep't of Def.*, 401 F. Supp. 3d 259 (D. Conn. 2019); *The Few, The Proud, The Forgotten v. U.S. Dep't of Veterans Affs.*, 407 F. Supp. 3d 83 (D. Conn. 2019); *Eberg v. U.S. Dep't of Def.*, 193 F. Supp. 3d 95 (D. Conn. 2016); *Serv. Women's Action Network v. Dep't of Def.*, 570 F. App'x 54 (2d Cir. 2014) (summary order); *Unidad Latina en Accion v. U.S. Dep't of Just.*, No. 3:09-CV-457 CFD, 2010 WL 7856573 (D. Conn. Oct. 20, 2010).

Additionally, the requested records are of interest to the nation as a whole – not simply relevant to Connecticut nor the Eastern District of Virginia, so preference of local interests to local controversies is irrelevant. Military justice is a definitionally federal issue, and so a concern for all districts. There is no reason why the Eastern District of Virginia should be given preferential treatment over Connecticut's interest in justice, as the Defendant is unable to point to any particular interests of justice which are prejudiced by maintaining venue in Connecticut. Considering the totality of the circumstances, justice concerns do not overwhelm the deference owed to Plaintiffs' choice of forum. *See Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995) (noting that the interests of justice are weighed on the "totality of circumstances").

II. **Neither the locus of operative facts, availability of witnesses and records, nor remaining factors favor a transfer of venue to the Eastern District of Virginia.**

The Government's contention that the Eastern District of Virginia is the most appropriate venue for this action because it is the "locus of operative facts" in this case relies on a mischaracterization of the facts underlying Plaintiffs' claims. The locus of operative facts is based on "where the events from which the claim arises occurred." *Matter of Grebe Shipping LLC*, 448 F. Supp. 3d 161, 168 (D. Conn. 2020) (internal citation and quotation omitted). Not only was Connecticut the location from which the FOIA requests were sent, but the requests pertained to data from USAO offices and military bases located in five separate districts across four different states. The operative facts of this claim are at least as well-established in Connecticut as they are in Virginia, California, New York or Texas. In their contention that Virginia stands above the other locations, Defendants rely on counsel's statement that some of

8

FOIA requests would be processed in Virginia,³ conflating the locus of operative fact with the location of potential witnesses and the records requested.

To begin, as Defendants note, there should not be need for discovery in this Freedom of Information Act case if Defendants' records production and affidavits at summary judgment are adequate on their face. *See* Def's Memo at 5; *see also Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994) ("discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face.") Even if discovery were to become necessary, however, modern recordkeeping and communications technology mean that the *Gottdiener* factors of convenience of witnesses, the location of relevant documents and relative ease of access to sources of proof, are neutral factors as to the convenience of the parties. Because of the deference owed to Plaintiffs' choice of forum, this means that this case should remain in the District of Connecticut.

While the location of physical documents is given some consideration, "modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *Charter Oak Fire Ins. Co. v Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218, 222 (D. Conn. 2003). Should witnesses be needed, the availability of virtual conferencing further reduces the burden of their appearance. *See JKB Daira, Inc. v. OPS-Tech., LLC*, No. 3:20-CV-1564 (SRU), 2022 WL 4484146, at *8 (D. Conn. Sept. 27, 2022) (noting witnesses' burden to travel from Japan to Connecticut was "substantially reduced" by the "availability of remote testimony" and "the conveniences of modern communication and transportation") (internal citations omitted). Were

---

³ Defendants have not in fact made a sufficient showing to allege even that transfer to the Eastern District of Virginia would convenience any potential witnesses. To meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must "specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony ... Absent such a showing, the motion should be denied." *Pilates*, 891 F. Supp. at 183 (internal citation omitted.)

travel necessary for witnesses, government witness convenience is not heavily weighed. *See, e.g., Flores v. United States*, 142 F. Supp. 3d 279, 287 (E.D.N.Y. 2015) ("Location of party witnesses is not decisive since it is assumed that the government can require their participation whenever the case is tried.")

Similarly, the likely electronic availability of relevant records weighs in the favor of the Plaintiffs. The records Plaintiffs seek will almost certainly be stored and produced electronically, as reflected by the fact that Marine Corps records produced in response to requests identical to the requests at issue in this suit were produced in electronic form. The Government has not alleged that the records requested from the remaining Defendants are not similarly stored, or capable of being produced electronically. Courts have found that given the prevalence of electronic documents, scanners, and expedited shipping, the physical location of documents "assumes much less importance [in motions for venue transfer] than it did formerly." *Capitol Recs., LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009); *see also Collins v. Kohl's Dep't Stores, Inc.,* No. 3:18-CV-00065 (VAB), 2018 WL 2926301, at *7 (D. Conn. June 11, 2018) (noting that "modern technology . . . allows documents to cross state lines without hassle.") The Second Circuit acknowledged if "documents and other evidence ... are freely available" in the plaintiff's chosen forum, then the defendant cannot convincingly argue that the forum is an inconvenient one. *See Gottdiener*, 462 F.3d at 107. As the records requested are in all likelihood available electronically, they are essentially freely available in Connecticut.

The remaining factors weigh in favor of retaining venue in Connecticut as well. The availability of process to compel unwilling witnesses is irrelevant because even if witness discovery were to become necessary, it is assumed that the government can require the participation of FOIA officers and other government employees. *See Flores*, 142 F. Supp. 3d at

287 ("Location of party witnesses is not decisive [on a venue transfer motion] since it is assumed that the government can require their participation whenever the case is tried."). Finally, the government Defendants are better equipped to bear more litigation-related travel costs than nonprofit Plaintiffs CVLC and POD.

III. **Plaintiffs' choice of venue should be especially respected in FOIA suits.**

Plaintiffs' choice of venue should be especially respected in FOIA suits given the statute's purpose and liberal venue provision. The Government argues that this case "lacks a genuine relationship" with Connecticut because the FOIA documents in question are processed and located in the Eastern District of Virginia. Def's Memo at 4. Yet if the location of FOIA documents were dispositive in the venue analysis—or if that sole factor was sufficient to defeat the plaintiff's venue preference—FOIA suits seeking records from federal agencies would almost invariably be centralized in the Eastern District of Virginia or in Washington, D.C.

Congress did not intend to limit litigants to having venue solely in the Washington Metropolitan Area. The FOIA statute provides that venue is proper in "the district court of the United States in the district in which the complainant resides," 5 U.S.C. § 552(a)(4)(B), compounding the basic venue principle that as long as no real property is involved, plaintiff may bring suit against the government in any judicial district in which the plaintiff resides. 28 U.S.C. § 1391(e)(1). In the FOIA context, it makes little administrative sense for all citizens attempting to gather information about the government to file suits in one or two centralized districts. This Court should not deny Connecticut residents like CVLC the ability to hold the federal government accountable in their own state, as Congress intended, simply because the District of Columbia is also available as a venue.

Further, accepting the Government's argument that this Court should deny Plaintiffs' choice of venue because CVLC's "stated mission is unrelated to the FOIA requests." Def's Memo. at 5. would be wholly contrary to the purpose of FOIA. FOIA permits *any* plaintiff to bring suit against the government to produce any agency documents in the public interest, regardless of whether they have any personal connection with the agency or issue at hand. *Fed. Lab. Rels. Auth.*, 510 U.S. at 496. CVLC's suit for production of the requested records is no less legitimate than would be any other Connecticut citizens. Nevertheless, CVLC's mission routinely requires the use of FOIA. Decl. at ¶¶10–19.

## **CONCLUSION**

CVLC and POD seek to bring potential disparities in the military justice system to light for the benefit of the general public and the veterans and active duty military members they serve. Plaintiffs have deep connections with the state of Connecticut, their chosen venue, and Defendants have offered no facts sufficient to overcome the strong deference owed to the Plaintiffs' venue choice. There is little prejudice to Defendants to remain in Connecticut, but a transfer of venue to the Eastern District of Virginia *would* prejudice the Plaintiffs, as Plaintiff CVLC would be forced to travel hundreds of miles to a venue the Plaintiffs do not prefer. Granting Defendants' motion could, further, chill future FOIA requests by requestors outside of the Washington Metropolitan Area. Defendants' motion to transfer venue should therefore be denied.

Dated: February 3, 2023
New Haven, CT

        Respectfully submitted,

        By: <u>/s/ Meghan Brooks</u>
        Brian Liu, Law Student Intern
        Maggie Mills, Law Student Intern
        Renée Mihail, Law Student Intern
        Jarek Neczypor, Law Student Intern*
        Michael Wishnie, Supervising Attorney
        Meghan Brooks, Supervising Attorney
        Jerome N. Frank Legal Services Organization
        Veterans Legal Services Clinic
        Yale Law School
        P.O. Box 209090
        New Haven, CT. 06520-9090
        Tel: (203) 432-4800
        meghan.brooks@ylsclinics.org

        *Motion for Law Student Intern Appearance Forthcoming*